## PETITION FOR REVIEW DENIED.

**A NIE LO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–70247.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

A Nie Lo, Scottsdale, AZ, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Los Angeles, CA, Kurt B. Larson, Esquire, OIL, Mary Jane Candaux, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Le-Fevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

A Nie Lo, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

■ Substantial evidence supports the agency's conclusion that Lo failed to establish she was harmed by persons that the government is unable or unwilling to control. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005). In addition, even as a member of a disfavored group, the evidence does not compel the conclusion that Lo demonstrated a well-founded fear of future persecution by persons that the government is unable or unwilling to control. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004).

■ Because Lo did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See*

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

*Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

■ Substantial evidence supports the IJ's denial of CAT relief because Lo did not show it is more likely than not that she will be tortured if returned to Indonesia. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir.2004).

Because Lo did not file a petition for review of the BIA's order denying her motion for reconsideration, we do not review any challenge to that order. *See Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

**PETITION FOR REVIEW DENIED.**